**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 316.]**

ESTATE OF DILLARD, DECEASED, APPELLANT, *v.* LIBERTY MUTUAL INSURANCE

COMPANY ET AL., APPELLEES.

[Cite as *Estate of Dillard v. Liberty Mut. Ins. Co.*, 1999-Ohio-177.]

*Automobile liability insurance—Uninsured motorist coverage—R.C. 3937.18—*
*Scope of coverage of employer's commercial automobile liability policy for*
*employee killed in accident—Court of appeals' judgment reversed on*
*authority of Scott-Pontzer v. Liberty Mut. Fire Ins. Co. and judgment of trial*
*court reinstated.*

(No. 99-146—Submitted June 22, 1999—Decided September 8, 1999.)

APPEAL from the Court of Appeals for Stark County, No. 1998CA00161.

_____

*O'Meara Law Offices* and *Douglas J. O'Meara*, for appellant.

*Law Offices of Jan A. Saurman* and *John V. Rasmussen*, for appellees.

_____

{¶ 1} The judgment of the court of appeals is reversed on the authority of
*Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d
1116, and the judgment of the trial court is reinstated.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} In this case, the decedent Dillard had clocked out after his shift ended
and left the Canton Drop Forge plant where he worked. He was walking to his
personal automobile that was parked in a lot across the street from the plant when
he was struck and killed by an uninsured motorist.

{¶ 3} The Liberty Mutual Insurance Company policy issued to the decedent's employer, Canton Drop Forge, contained the identical definitions of "you" and "your" for purposes of UM/UIM coverage as did the policy in *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. The Stark County Court of Appeals held that Dillard was not an insured under the Liberty Mutual policy because he did not fit into any of the categories of "insured." The court reasoned that "[i]t is undisputed that the term 'You', under the section defining who is an 'insured', in the policy issued by Liberty, refers to Canton Drop Forge. Second, we find the phrase 'if you are an individual, any family member' unambiguous. A plain reading of this provision establishes that the provision applies only when the insured is an individual." The court noted a distinction in the definition between "you" and "an individual."

{¶ 4} The appellate court stated that since the term "you" refers to corporations, which are not individuals, the provision does not extend coverage to Dillard because the named insured was not an individual. Furthermore, at the time of the accident, Dillard was not operating a "covered auto." Because Dillard did not fit any of the categories of "insured" under the policy issued by Liberty, the court concluded that he may not be afforded coverage for injuries sustained due to an uninsured motorist.

{¶ 5} For the reasons more fully set forth in my dissenting opinion in *Scott-Pontzer*, I respectfully dissent and would affirm the judgment of the court of appeals.

COOK, J., concurs in the foregoing dissenting opinion.

———————————