OPINION
Appellant, Monroe Guaranty Insurance Company issued a commercial automobile liability policy of insurance to Zandex, Inc. which was in effect at the time of the motor vehicle accident which is the subject of this action.
Appellee's decedent, Patricia Achauer, was an employee of Zandex, Inc. on April 20, 1998, when she was involved the automobile accident which resulted in her death.
In January, 1999, two letters were sent to Appellant advising it that the tortfeasor and the underinsured motorist carrier had tendered their policy limits for settlement in connection with the subject accident and requesting written permission to accept said settlement offers.
On January 21, 1999, Appellant sent written notification to Appellees that it was Appellant's position that the Estate was not entitled to UM/UIM coverage under the policy. Appellant also notified Appellees that it was not waiving its right to any other provision of the policy.
On January 27, 1999, Appellees sent another letter to Zandex, Inc. advising it that such correspondence represented a potential uninsured/underinsured motorist claim on behalf of the Estate of Patricia Achauer.
On June 3, 1999, Appellees accepted the settlement offers of the tortfeasor and the underinsured carrier and executed two releases in consideration of a total of $125,000.00.
On August 23, 1999, Appellees sent written notice to Appellant of an uninsured/underinsured motorist claim in accordance with the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660.
Appellant maintained its denial of coverage of the policy.
Appellees commenced litigation in this matter on April 13, 2000.
The trial court granted summary judgment in favor of Appellees without issuing any findings of fact or conclusions of law on November 16, 2000, followed by a Nunc Pro Tunc Entry on December 8, 2000, which included language stating that such was a final appealable order.
It is from this decision that Appellant has filed the instant appeal assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT PRAYED FOR BY APPELLEE, ON ACCOUNT THAT GENUINE ISSUES OF MATERIAL FACT REMAIN IN DISPUTE BETWEEN THE PARTIES REGARDING WHETHER APPELLEES EXECUTED A FULL AND FINAL RELEASE ON JUNE 3, 1999, WHEN THEY SETTLED WITH THE TORTFEASOR'S INSURER AND CONSEQUENTLY DESTROYED DEFENDANT, MONROE GUARANTY INSURANCE COMPANY'S RIGHT OF SUBROGATION, AND FURTHERMORE, ON ACCOUNT THAT THE EXISTENCE OF SUCH MATERIAL FACTUAL DISPUTES PREVENTS REASONABLE MINDS FROM COMING TO ONLY ONE CONCLUSION THAT IS ADVERSE TO APPELLANT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT PRAYED FOR BY APPELLEE, ON ACCOUNT THAT GENUINE ISSUES OF MATERIAL FACT REMAIN IN DISPUTE BETWEEN THE PARTIES REGARDING WHETHER THE SCOTT-PONTZER DECISION CAN BE APPLIED RETROACTIVELY TO THE PRESENT MATTER AND FURTHERMORE, ON ACCOUNT THAT THE EXISTENCE OF SUCH MATERIAL FACTUAL DISPUTES PREVENTS REASONABLE MINDS FROM COMING TO ONLY ONE CONCLUSION THAT IS ADVERSE TO APPELLANT.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36, 506 N.E.2d 212. Civ. R. 56(c) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review Appellants' Assignments of Error.
 II.
The Court will address Appellant's second assignment of error first. Appellant claims that the Ohio Supreme Court's decision in Scott-Pontzer,supra, cannot be applied retroactively. We disagree.
Appellant argues that prior to Scott-Pontzer, supra, the existing law in Ohio was different than that subsequent to such decision.
However, the Supreme Court in Scott-Pontzer, supra, did not create new law. Instead, it merely interpreted the language of an already existing contract of insurance applying the rules of construction.
Furthermore, the Ohio Supreme Court has previously applied their holding in Scott-Pontzer, supra, retroactively in the case of the Estateof Dillard v. Liberty Mutual Insurance Company (1999), 86 Ohio St.3d 316, to an action that was originally commenced on January 27, 1997.
Accordingly, based on the foregoing, we find that the trial court did not err in granting appellee's Motion for Summary Judgment.
This Court therefore finds appellants Assignment of Error II not well-taken and overrules same.
 I.
Appellant argues that the trial court improperly granted summary judgment in favor of appellees as the whether appellees executed Full and Final Releases on June 3, 1999, in derogation of the policy provisions, thereby destroying appellant's right of subrogation.
As the trial court did not state it reasons for sustaining appellee's motion for summary judgment, it is unclear whether the trial court based its decision on the fact that the releases signed in this matter were not full and final or whether it found that appellant failed to protect its interest by complying with the terms of its policy.
We find that appellant failed to protect its subrogation rights under the policy, which states:
Ohio Uninsured Motorists Coverage-Bodily Injury
E. Changes in conditions
 2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS is changed by adding the following:
 (c) A person seeking Uninsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the vehicle described in paragraph F.3.b. of the definition of "uninsured motor vehicle" and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such vehicle described in paragraph F.3.b. of the definition of "uninsured motor vehicle".
Appellees notified appellant on December 30, 1998, and again on January 27, 1999, of its claim. Appellee notified appellant on January 19, 1999 of its intention to settle.
In response, Appellant notified Appellees that it was denying coverage under the policy. Appellant also stated in said notification of denial that it was not waiving its right to any other provision of the policy.
Appellant argues that it was reasonably justified in denying coverage for the reasons set forth in its second assignment of error which we have previously addressed and overruled.
Appellant had the option in this matter to tender payment in accordance with the above policy provision but chose not to do so.
Appellees did not accept the tender of settlement from the tortfeasor in this matter until June 3, 1999, over four months from the date of notification, and three months after the 30 day period for advance payment had passed.
We find that Appellant failed to protect its subrogation interest and waived same by failing to advance payment in this matter in accordance with the terms of its policy.
For the above-stated reasons, we find Appellant's Assignment of Error I not well-taken and hereby overrule same.
The decision of the trial court is affirmed.
Boggins, J., Hoffman, P.J. and Wise, concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to Appellant.