JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants'[1] (Addie), appeal the trial court's decision on summary judgment that denied uninsured/underinsured motorist (UIM) coverage under a commercial automobile policy and an excess umbrella policy issued by defendants-appellees, Royal Insurance Company (Royal) and Transcontinental Insurance Company (Transcontinental), to Larry Addie's employer, Cablevision.
 {¶ 2} In claiming coverage under the Cablevision policies, Addie relies on the authority of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660 and its progeny. The trial court granted the insurers' motions for summary judgment because it found that neither policy included Larry Addie or his deceased brother as insureds. For the reasons that follow, we find these individuals were insureds under the policies. Nonetheless, we affirm because we further find that an exclusion contained in Royal's UIM endorsement applies to bar coverage in this case.
 {¶ 3} Addie assigns the following two assignments of error for our review:
 {¶ 4} I. The trial court erred when it granted appellee Transcontinental Insurance Company's motion for partial summary judgment and determined that appellants were not `insureds' under the Transcontinental insurance policy.
 {¶ 5} II. The trial court erred when it denied appellants' motion for summary judgment on the issue of coverage and failed to find that appellants are entitled to coverage under the Transcontinental insurance policy as a matter of law.
 {¶ 6} We address these assigned errors together as they both challenge the trial court's decision concerning the cross-motions for summary judgment. We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585.
 {¶ 7} Summary judgment is appropriate where: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264,273-274. Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70,1998-Ohio-389.
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996
 {¶ 9} We have construed the facts in accordance with the standard set forth above. On April 14, 1999, Ronald Addie sustained injuries that resulted in his death when a vehicle driven by an underinsured motorist collided with his motorcycle. At the time of the collision, Ronald lived with his brother, Larry Addie, who was employed by Cablevision. Cablevision had two policies of insurance in effect at this time that are relevant to this appeal: a commercial automobile policy issued by Royal and an excess/umbrella policy issued by Transcontinental.
 {¶ 10} The Royal policy contains an endorsement captioned Drive Other Car Coverage — Broadened Coverage for Named Individuals. That particular endorsement modifies the Business Auto Coverage Form (among other forms). In pertinent part, that endorsement provides:
 {¶ 11} The following is added to WHO IS AN INSURED:
 {¶ 12} Any individual named in the Schedule and his or her spouse, while a resident of the same household, are `insureds' while using any covered `auto' described in paragraph B.1. of this endorsement. The schedule names the individuals as [o]fficers where Cablevision has Furnished Vehicles for their use.
 {¶ 13} Under a separate endorsement, the Royal policy provides Ohio Uninsured Motorists Coverage — Bodily Injury. That endorsement likewise expressly modifies the Business Auto Coverage Form (among other forms). In doing so, the endorsement changes the Business Auto Coverage Form by identifying an insured for UIM coverage as follows:
 {¶ 14} Who is An Insured
 {¶ 15} 1. You.
 {¶ 16} 2. If you are an individual, any `family member,'
 {¶ 17} 3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 18} 4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'
 {¶ 19} The parties agree that a covered auto is defined in relevant part to include: OWNED `AUTOS' ONLY. Only those `autos' you own (and for Liability Coverage any `trailers' you don't own while attached to power units you own). This includes those `autos' you acquire ownership of after the policy begins.
 {¶ 20} The UIM endorsement contains policy exclusions that include the following:
 {¶ 21} This insurance does not apply to:
 {¶ 22} * * *
 {¶ 23} 5. `Bodily injury' sustained by:
 {¶ 24} a. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorists Coverage under this Form; * * *.
 {¶ 25} Unlike the Royal policy, the Transcontinental excess/umbrella policy does not contain UIM coverage. However, the policy defines WHO IS AN INSURED for purposes of liability insurance in pertinent part as follows:
 {¶ 26} 1. If you are designated in the Declarations as:
 {¶ 27} a. An individual, you and your spouse are Insureds, but only with respect to the conduct of a business of which you are the sole owner.
 {¶ 28} b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
 {¶ 29} c. An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
 {¶ 30} 2. Each of the following is also an insured:
 {¶ 31} a. Your employees, other than your executive officers and directors, but only for acts within the scope of their employment by you. However, none of these employees is an insured for:
 {¶ 32} (1) `bodily injury' or `personal injury' to you or to a co-employee while in the course of his or her employment; or
 {¶ 33} (2) `Property damage' to property owned or occupied by or rented or loaned to that employee, any of your other employees, or any of your partners or members (if you are a partnership or joint venture).
 {¶ 34} * * *
 {¶ 35} e. Any other persons or organizations included as an insured under the provisions of the `scheduled underlying insurance' in Item 5. of the Declarations and then only for the same coverage, except for limits of liability, afforded under such `scheduled underlying insurance.'
 {¶ 36} In light of the above provisions, we must now determine whether the policies provide coverage to Addie in this case. Our analysis is guided by the Ohio Supreme Court's holding in Scott-Pontzer and its progeny.
 {¶ 37} In Scott-Pontzer, a widow claimed UIM coverage under her deceased husband's employer's commercial automobile insurance policy and its excess/umbrella policy. Scott-Pontzer, 85 Ohio St.3d at 660. The underlying policy in Scott-Pontzer defined the insured for purposes of UIM coverage with terms identical to those at issue in the Royal policy in this case and as set forth previously in this opinion. Id. at 663. The excess/umbrella policy in Scott-Pontzer, like the excess/umbrella policy here, made no provision for UIM coverage. Id. at 665. However, the excess/umbrella policy in Scott-Pontzer did restrict its coverage to employees acting within the scope of their employment just as the Transcontinental policy does in this case. Id. at 666.
 {¶ 38} In Scott-Pontzer, the Ohio Supreme Court found ambiguity in the underlying policy language that defined the insured as you referring to the corporate entity. Id. at 664. The court reasoned that UIM insurance coverage must be interpreted with regard to persons. Id. Thus, it concluded that `you,' while referring to Superior Dairy, also includes Superior's employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle.Id.
 {¶ 39} In examining the excess/umbrella policy for UIM coverage in Scott-Pontzer, the Ohio Supreme Court further determined that such coverage existed by operation of law. Id. at 665. This conclusion was driven by the fact that the excess/umbrella insurance policy failed to offer such coverage in contravention to the statutory requirements of R.C. 3937.18. Id., following Gyori v. Johnston Coca-Cola Bottling Group
(1996), 76 Ohio St.3d 565.
 {¶ 40} Having found coverage under both polices in Scott-Pontzer, the Ohio Supreme Court proceeded to examine whether any exclusion or restriction applied to bar UIM coverage. Id. at 666. The court applied the principle articulated in King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208 that `where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof.' Scott-Pontzer,85 Ohio St.3d at 665-666. In doing so, the court found that the underlying policy failed to restrict coverage to employees acting in the course and scope of employment which resulted in UIM coverage to Scott-Pontzer.
 {¶ 41} While the excess/umbrella policy did, in fact, restrict coverage to employees acting in the scope of employment, the court refused to insert the restriction into UIM coverage it implied by operation of law. Id. at 666. The court distinguished the application of this restriction to liability insurance of an excess/umbrella policy and UIM insurance of such policies. Id. (Emphasis in original). Presumably, the definition of the insured contained in the underlying policy of insurance in Scott-Pontzer sufficed for determining who was an insured for UIM coverage implied by operation of law in the excess/umbrella policy.[2]
 {¶ 42} Applying the above reasoning to the facts of this case, we find that both Larry Addie and his deceased brother were insureds under both the Royal and Transcontinental policies. Scott-Pontzer, supra; Ezawav. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 316. The insurers' arguments urging the contrary conclusion are unavailing.
 {¶ 43} Primarily, we reject the notion that the holding of Scott-Pontzer does not apply because a separate endorsement modifies the Business Auto Coverage Form of the liability policy to add certain named individuals to the definition of who is an insured contained therein. We note that the particular endorsement relied upon does not substitute for, but rather explicitly adds to, the definition of who is an insured in the Business Auto Coverage Form. Thus, the ambiguity found in Scott-Pontzer remains and the ambiguous you must still be deemed to include employees of the corporate entity identified as the Named Insured. Independent of that fact, the Ohio Uninsured Motorists Coverage — Bodily Injury endorsement separately modifies the Business Auto Coverage Form by changing the provisions of Who is An Insured for purposes of UIM coverage. This endorsement does not reference the individuals identified in the Drive Other Car Coverage — Broadened Coverage for Named Individuals endorsement.[3]
 {¶ 44} In light of the foregoing, we find that Larry Addie and his deceased brother are insureds under the Royal policy. Turning now to the Transcontinental policy, we find that the coverage provisions under examination in this case are essentially indistinguishable from those involved in Scott-Pontzer. There is no evidence that Transcontinental made the statutorily required offering of UIM coverage. R.C. 3937.18. Where no UIM coverage is offered the same is included by operation of law. Scott-Pontzer, supra at 665.
 {¶ 45} We note that the policy language found in the Transcontinental policy is similar, if not identical, to the policy language examined by the court in Scott-Pontzer.[4] Following the directives of Scott-Pontzer, we find that UIM coverage exists in the Transcontinental policy by operation of law. We further find that Larry Addie and his deceased brother are insureds under the policy by virtue of Section II.2.e. which provides that each of the following are also insureds:
 {¶ 46} e. Any other persons or organizations included as an insured under the provisions of the `scheduled underlying insurance' in Item 5. of the Declarations and then only for the same coverage, except for limits of liability, afforded under such `schedule underlying insurance.' Because these individuals are insureds within the UIM provisions of the underlying Royal policy, the above-cited provision qualify them as insureds for purposes of UIM coverage under the Transcontinental policy.
 {¶ 47} We next examine whether coverage is barred by any other terms of the policies. The insurers argue that Addie is barred from coverage under the following exclusion to UIM coverage found in the Royal policy:
 {¶ 48} This insurance does not apply to:
 {¶ 49} * * *
 {¶ 50} 5. `Bodily injury' sustained by:
 {¶ 51} a. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorists Coverage under this Form; * * *.
 {¶ 52} We agree that this provision clearly and unambiguously excludes coverage in this case. It is undisputed that the decedent's death stemmed from a vehicular accident involving a motorcycle that the decedent owned. This falls squarely within the exclusion unless the motorcycle qualifies as a covered auto.
 {¶ 53} The parties agree that the applicable definition of covered auto is as follows:
 {¶ 54} Only those `autos' you own * * *. This includes those `autos' you acquire ownership of after the policy begins. This definition employs the ambiguous you but clearly does not extend to include autos owned by your family members. While Larry Addie, as a Cablevision employee, arguably would have UIM coverage under this factual scenario for those autos he may own, we cannot read this covered auto definition to include coverage for autos owned by his family members that include the motorcycle owned by his deceased brother. Accord De Uzhca v. Derham (April 5, 2002), Montgomery App. No. 19106.
 {¶ 55} As for the Transcontinental policy, UIM coverage exists only for the same coverage, except for limits of liability, afforded under such `schedule underlying insurance.' Because the exclusion bars coverage under the Royal policy, it also bars coverage under the Transcontinental policy.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J, and FRANK D. CELEBREZZE, JR., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] Lynnette Addie, Individually and as Administratrix of the Estate of Ronald Addie, and Laura Addie and Larry Addie.
[2] This is a necessary inference since the court refused to apply the language that identified who was insured in the excess/umbrella liability policy. In other words, it is nonsensical to conclude that the Ohio Supreme Court relied upon the definition of who is an insured in the excess/umbrella policy for purposes of determining the insured in the UIM coverage implied by operation of law because that policy clearly limited insured employees to those acting within the scope of employment. If the court had construed the language of the excess/umbrella policy, Scott-Ponzer, who was injured operating his personal vehicle while off-duty, would not have been an insured. See Scott-Pontzer v. LibertyMutual Fire Ins. Co. (Jan. 20, 1998), Stark Cty. App. No. 98-LW-0225 (setting forth the language of the excess/umbrella insurance policy).
[3] The Drive Other Cars endorsement happens to include its own provision for uninsured motorists coverage subject to the limits set forth in the endorsement LI 0004 0990 — H.
[4] See Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (Jan. 20, 1998), Stark App. No. 1997 CA 00152, quoting the excess policy language of who is an insured in pertinent part therein.