{¶ 28} I concur in judgment only and write separately to clarify my position on the meaning of "`you' in a covered vehicle." I believe the Ohio Supreme Court has found this language to be ambiguous in its decisions in both Headley v. Ohio Gov't Risk Mgt. Plan[1] and Dillardv. Liberty Mut. Ins. Co.[2] The majority's dicta indicates thatScott-Pontzer v. Liberty Mutual Fire Ins. Co.[3] does not apply when the policy language is "you for a covered `auto.'" I disagree. However, I do agree that the policy language as written does not lend itself to include pedestrians. "You for any covered `auto'" by its definition excludes pedestrians. There are cases where pedestrians have been included and Scott-Pontzer v. Liberty Mutual applied.[4] In those cases, the policy specifically included coverage for pedestrians. Consequently, I agree with the majority to affirm on this issue only.
[1] (1999), 86 Ohio St.3d 64.
[2] (1999), 86 Ohio St.3d 316.
[3] (1999), 85 Ohio St.3d 660.
[4] Westfield Insurance Co. v. Galatis, 2002-Ohio-1502, Summit App. No. 20784 and White v. American Manufacturers, Mutual Insurance Co., 2002-Ohio-4125, Montgomery App. No. 19206.