OPINION
{¶ 1} Defendant State Automobile Mutual Insurance Company appeals a summary judgment of the Court of Common Pleas of Tuscarawas County, Ohio, entered in favor of plaintiff Janda Burke, and finding she is an insured under a business auto policy issued by the insurance company to her employer. The insurance company assigns a single error to the trial court:
 {¶ 2} "The trial court erred in granting appellee's motion for summary judgment and in overruling appellant's motion for summary judgment based on its finding that appellee was an `insured' under appellant's business auto policy."
 {¶ 3} The parties stipulated all the material facts before the trial court. On October 2, 1999, a negligent uninsured motorist, William Buehler, struck and severely injured appellee, a pedestrian. At the time of the accident, appellee was an employee of Country Club Center/Homes, Inc. to which the insurance company had issued a series of business auto policies. The first business auto policy commenced February 14, 1992.
 {¶ 4} The insurance company had issued three separate policies for the following time periods: February 14, 1997 to February 14, 1998; February 14, 1998 to February 14, 1999; and February 14, 1999 to February 14, 2000.
 {¶ 5} The controversy in the trial court is which policy governs the terms of coverage.
 {¶ 6} The endorsement contained in the 1998 policy defines an insured in language the Ohio Supreme Court construed in Scott Pontzer v.Liberty Mutual Fire Insurance Company, 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 1116.
 {¶ 7} The 1999 policy defines insured very differently, perhaps in response to Scott Pontzer. The definition provides if the policy is issued to a business organization, then no coverage is available for natural persons except under specific exceptions, such as those occupying an automobile listed as covered under the policy.
 {¶ 8} Appellee claims coverage is available under either policy. The insurance company maintains the policy in effect was the 1999 version, and argues appellee is not covered under that policy.
 {¶ 9} The trial court cited Wolfe v. Wolfe, 88 Ohio St.3d 246,2000-Ohio-322, 725 N.E.2d 261. Construing Wolfe, the court found the policy which applied to this claim was the 1998 policy and endorsement.
 {¶ 10} We agree.
 {¶ 11} In Wolfe, the Supreme Court held R.C. 3937.31 required every automobile liability insurance policy issued in the state to have at a minimum a guaranteed two-year policy period during which the policy could not be altered except by agreement of the parties and in accord with the Ohio Revised Code. This is true whether the policy is categorized as a new policy of insurance or a renewal, and the guarantee period is not limited solely to the first two years following the initial institution of coverage. In construing this, the Ohio Supreme Court computed the successive two-year policy periods from the original issuance date of the automobile liability insurance policy.
 {¶ 12} Applying Wolfe, we find the business auto policies began February 14, 1992, and expired February 14, 1994. Counting forward from that date, we find the policy in effect on October 2, 1999 was the policy which began on February 14, 1998, which was in effect by operation of law through February 14, 2000.
 {¶ 13} The insurance company argues Wolfe, does not apply to business auto policies, and thus this computation is flawed. In Wolfe,
however, the Ohio Supreme Court clearly stated R.C. 3937.31 applied to every automobile liability insurance policy issued in the state of Ohio. We found no support in the statutory or case law for the insurance company's proposition that Wolfe and R.C. 3937.31 applies solely to personal auto policies.
 {¶ 14} We find the terms of the policy which apply to the within are those contained in the policy in effect beginning in 1998. The 1998 policy contains a declaration page which names Country Club Center/Homes, Inc., as the only named insured. Thus, we find Scott Pontzer applies.
 {¶ 15} Finally, the insurance company argues that appellee was not covered under the policy of insurance at the time of her accident because she was a pedestrian. In Estate of Dillard, Deceased v. Liberty MutualInsurance Company, 86 Ohio St.3d 316, 1999-Ohio-177, 715 N.E.2d 126, the Ohio Supreme Court found coverage for Elisha Dillard, a pedestrian.
 {¶ 16} We find the trial court's judgment is in accord with the statutory law as construed by the Ohio Supreme Court. Accordingly, the assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
Insurance — Scott Pontzer — Wolfe.